In re HARWOOD et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

COSTS—LIABILITY OF TRANSFEREE.

    Code Civil Proc. § 3247, provides that, where an action is brought in the name of another by a transferee, or by any other person who is beneficially interested therein, such person is liable for costs as though he were plaintiff. *Held*, where an action was brought by a transferee at the suggestion of T. on an assignment obtained without any action of T., who agreed to let plaintiff have the money to pay his attorneys, believing that plaintiff had a good cause of action, but having no pecuniary interest in the result of the suit, that T. was not a person "beneficially interested," within the meaning of the Code.

Appeal from special term, New York county.

Application of Grove M. Harwood and Oliver P. Buel to require Isaac M. Taylor to pay to them the costs awarded to them in the action in the supreme court of George L. Strong against Oscar H. La Grange, Grove M. Harwood, and Oliver P. Buel, impleaded with others. From an order directing Isaac M. Taylor to pay to Grove M. Harwood $469.03, and to Oliver P. Buel $467.03, with interest, said amounts being the costs awarded in favor of said Harwood and Buel as defendants in the aforesaid suit, and the trial of which resulted in a dismissal of the complaint, Isaac M. Taylor appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Chas. Strauss, for appellant.

Patterson, Buel, Toucey & Whiting, (Grove M. Harwood and Oliver P. Buel, of counsel,) for respondents.

BARRETT, J. The application to compel Taylor to pay the costs of the action instituted by Strong was founded mainly upon the alleged fact that he (Taylor) was a party beneficially interested in that action, and was consequently liable for costs under the provisions of section 3247, Code Civil Proc. That section provides that, where an action is brought in the name of another by a transferee of the cause of action, or by any other person who is beneficially interested therein, the transferee or other person so interested is liable for the costs, in the like cases, and to the same extent, as if he was the plaintiff. Taylor was not the transferee of the cause of action, and the question, therefore, is whether he was beneficially interested therein. We have examined the affidavits which were presented to the court at special term, and we think the petitioners failed to show that Taylor had any interest in the action, direct or indirect. The action was not brought by Taylor in the name of Strong. It was not brought by Taylor at all. It was brought by Strong in his own name, and either for his own benefit or for the benefit of some one

other than Taylor.   It is quite true that he brought the action on Taylor's suggestion, and that Taylor agreed to let him have the money to pay his attorneys.   But Taylor did not even employ the attorneys. Taylor felt that the action was a righteous one, and that something should be done to compel the petitioners to restore certain moneys which were the subject-matter of the action.   We think that Taylor acted in good faith, and in the honest belief that the petitioners should be compelled to account to those whom he believed had been wronged.   If Strong had succeeded in the action, Taylor would have received no part of the sum recovered, either directly or indirectly.   It also clearly appears that the assignment to Strong, under which he was enabled to bring the suit, was obtained without any action on Taylor's part.   In no just sense, therefore, was Taylor a person beneficially interested in Strong's action, within the meaning of the section to which we have referred.   It was simply a case of a person who, deeming the action righteous, was willing to assist the plaintiff with his purse in carrying it on.   This did not justify an order compelling him to pay the costs.   The respondents claim that the order should be sustained upon other grounds, namely, upon the common-law ground that it was a false action, instituted by Taylor in the name of another; and also that Strong, by taking the assignment in his own name, became the trustee of an express trust for the benefit of Taylor, who was the real party in interest.   Both of these positions are weaker than the main contention.   Strong's action was not a false or fictitious one, nor was there any trust relation created by the assignment.   If the affidavits presented upon the motion at special term were insufficient to show that Taylor was beneficially interested in Strong's action, they were certainly insufficient to sustain these other contentions.   There was, in our judgment, no foundation as matter of fact for an order requiring Taylor to pay the costs.   The order appealed from should therefore be reversed, with the usual costs and disbursements, and the motion denied, with costs.   All concur.